IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EVERGREEN FOREST PRODUCTS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:15cv300-WHA |
| ) | |
| SOUTHLAND INTERNATIONAL TRUCKS ) | (wo) |
| INC., NAVISTAR INC., NAVISTAR ) | |
| DIESEL OF ALABAMA LLC, NAVISTAR ) | |
| BIG BORE DIESELS LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I.       INTRODUCTION**

This cause is before the court on a Motion to Sever and Remand (Doc. #2) filed by Defendants Navistar, Inc.; Navistar Diesel of Alabama, LLC; and Navistar Big Bore Diesels, LLC (together "Navistar") and a Cross Motion to Remand Entire Case to State Court from Which it Was Removed (Doc. #27) filed by Plaintiff Evergreen Forest Products, Inc. ("Evergreen").

On March 30, 2015, Evergreen filed a Complaint in the Circuit Court of Butler County, Alabama bringing claims for Breach of Implied Warranty as to Navistar Defendants (Count I), Fraudulent Concealment as to Navistar Defendants (Count II), Breach of Express Warranty as to Navistar Defendants (Count III), Negligent Misrepresentation as to Navistar Defendants (Count IV), and Negligence as to Southland (Count IV).[1]  Evergreen then filed an Amended Complaint on April 30, 2015, containing six numbered paragraphs, stating that it included additional facts and allegations, and making a jury demand.

---

1 Both negligence counts are labeled Count IV.

Navistar filed a Notice of Removal on May 4, 2015. Navistar stated that this court has diversity jurisdiction because the requisite amount is in controversy and Evergreen and Navistar have complete diversity of citizenship. Navistar acknowledged that Defendant Southland International Trucks, Inc. ("Southland") is not diverse in its citizenship, but is an Alabama resident, as is Evergreen. Navistar states, however, that Southland is fraudulently misjoined in this case.

For reasons to be discussed, the Cross Motion to Remand is due to be GRANTED.

## II.   REMAND STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court may hear a case only if it is authorized to do so by federal law. *Kokkonen*, 511 U.S. at 377. The removal statute must be strictly construed because it raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

## III.   FACTS

The Complaint in this case alleges that Navistar manufactured, designed, marketed and sold trucks, engines, and components of 17 trucks purchased by Evergreen. The Complaint

alleges that the MaxxForce diesel engines manufactured by Navistar breached implied and express warranties and that Navistar made misrepresentations about the engines.  The Complaint also alleges that Southland International Trucks Inc. ("Southland") sold and serviced the trucks, including one, Truck #28, which caught fire when Southland replaced the fuel pump, fuel lines, and injector pump.  The Amended Complaint identifies a second truck, Truck #34, which caught fire.  Included within the Amended Complaint are allegations as follows:

> 4. Navistar Inc. had a duty to supply replacement parts that were safely and properly designed.  Navistar Inc. also had a duty to properly instruct and train Southland International Trucks, Inc. on safe and effective warranty repair practices.  Navistar Inc. breached these duties when it failed to do so.
> 5. Due to the defective and negligent design by Navistar Inc., as well as Southland International Trucks Inc.'s negligent repair, Truck #34 was destroyed.
> 6. As a direct and proximate result of Navistar Inc.'s and Southland International Trucks Inc.'s negligence, Plaintiff has been injured and damaged, including but not limited to loss of use, money spent to repair, diminution in value of the subject truck, money spent to substitute contract drivers, loss of good will, incidental down time expenses, loss of income, and other damages described above.

(Doc. #1-4).  The original Complaint also contained facts regarding Truck #34, including that it overheated due to its defective design and that while the "Navistar Defendants may repair the engine, their repair does not put the truck in the same place it was before the failure and has caused the Plaintiff considerable expense and time in addressing the issue."  (Doc. #1-3 at p.5).

## IV.   DISCUSSION

The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder."  *Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998). *Triggs*, 154 F.3d at 1287.   Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity.  *Id.*

The burden of proving fraudulent joinder rests with defendants as removing parties. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). In evaluating whether there has been fraudulent joinder, the court must evaluate the factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about state substantive law in favor of the plaintiff. *See Crowe*, 113 F.3d at 1538.

In *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit held that "[m]isjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action." Egregious misjoinder is referred to as "fraudulent misjoinder." *Id.* at 1360. In *Triggs*, the Eleventh Circuit explained that if a plaintiff's joinder of defendants satisfies the permissive joinder requirements of Federal Rule of Civil Procedure 20(a)(2), then the parties are not fraudulently misjoined. 154 F.3d at 1289-90.

Rule 20(a)(2) allows defendants to be joined if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action. Therefore, Rule 20 is satisfied as long as there is a basis for joint, several, or alternative liability for claims with common questions of law or fact. *Tillis v. WM Page & Associates, Inc.*, No. CIV.A.210CV134-WHA, 2010 WL 1753473, at *4 (M.D. Ala. Apr. 30, 2010).

Navistar argues that the claims against it pertain only to warranties or representations regarding the design of the MaxxForce engine, and that the only claim in the Complaint against Southland is based on a negligent repair of a fuel pump, fuel line, or injector. Navistar states that none of the claims against it relate to fuel pumps, fuel lines, or injectors.

Evergreen responds that the Amended Complaint contains facts common to relief sought from each Defendant and which arise out of the same transaction or occurrence, including that Southland had a duty to overhaul the engine of Truck #34 properly and that Navistar failed in its duty to supply replacement parts that were safely and properly designed and to train Southland on safe and effective warranty repair practices. (Doc. #1-4).  Evergreen points to several paragraphs in the Complaint as well, including the allegation that Evergreen complained about problems within the warranty period to Southland and Navistar, but the Defendants have not appropriately addressed the issues (Doc. #1-3 at ¶29).   The Complaint also alleges that negligent design of the engines by Navistar causes fires.   (Doc. #1-3 at ¶30).   Evergreen contends that its claim against Southland includes the allegation that Evergreen suffered losses due to Southland's negligence in addressing the product defects concealed by Navistar.

Upon review of the Complaint and Amended Complaint filed in state court, it appears to the court that the Rule 20 joinder standard has been met.   Evergreen has not divided its allegations in this case to the extent which Navistar reads them.   While there are separate allegations regarding Navistar's design of the engines and regarding Southland's negligence in repair relating to fuel pump components in causing Truck #28's fire, there are also common factual allegations regarding Truck #34.   These include that a failure by Southland to properly repair the engine, not the fuel pump components, of Truck #34, and Navistar's breach of a duty to provide replacement parts and to train Southland in warranty repair together caused losses to Evergreen. (Doc. #1-4). The fact that the Amended Complaint supplemented the Complaint without setting forth a new count for relief does not undermine the fact that Evergreen identifies the damages it seeks against all Defendants for the loss of Truck #34.   (Doc. #1-4 at ¶6).

The court concludes, therefore, that Southland has not been fraudulently misjoined, and this court lacks diversity jurisdiction.   The case will be remanded for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Cross Motion to Remand for lack of subject matter jurisdiction (Doc. #27) is GRANTED.

2. The Motion to Sever and Remand (Doc. #2) is DENIED as moot.

3. The Clerk is DIRECTED to take the necessary steps to remand this case to the Circuit Court of Butler County, Alabama.

DONE this 5th day of August, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE